JS 44 (Rev 06/17)   GAM

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19 599

## I. (a) PLAINTIFFS
Trustees of the Laborers' International Union of North America Local 57 Industrial Pension Fund of Philadelphia, PA

## DEFENDANTS
Comcast Spectacor Arena Sysems, L.P

(b) County of Residence of First Listed Plaintiff   **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
W. Daniel Feehan, Esquire. O'Brien, Belland & Bushinsky
1526 Berlin Road, Cherry Hill, NJ 08003
856-795-2181

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §502(a) of the Employee Retirement Income Security Act of 1974
Brief description of cause:
This is an attempt for plaintiffs to recover overpayment of pension benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  2/8/19
SIGNATURE OF ATTORNEY OF RECORD
W. Daniel Feehan

FEB 11 2019

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 500-506 N. 6th Street, Philadelphia, PA 19123

Address of Defendant: 3601 S. Broad St., Phila, PA 19148

Place of Accident, Incident or Transaction: N/A - This is a claim by an ERISA benefit fund for Defendant's failure pay pension benefits

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/8/19   *(signature)*   311659
    Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
[✓] 11. All other Federal Question Cases
    *(Please specify)* _____ ERISA _____

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

FEB 11 2019

DATE: _____   _____   _____
    Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

GAM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Trustees of the Laborers' International Union of North America Local 57 Industrial Pension Fund of Philadelphia, PA <br> v. <br> Comcast Spectacor Arena Systems, L.P. | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. 19 599 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

2/8/19        Wm Sul          Plaintiffs
**Date**     **Attorney-at-law**    **Attorney for**

856-795-2181   856-795-2182   dfeehan@obbblaw.com
**Telephone**   **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02

FEB 11 2019

# O'BRIEN, BELLAND & BUSHINSKY, LLC

## ATTORNEYS AT LAW

ROBERT F. O'BRIEN (NJ, PA & DC)
MARK E. BELLAND (NJ & PA)
STEVEN J. BUSHINSKY (NJ, NY & PA)
THOMAS F. KARPOUSIS (NJ)
KEVIN D. JARVIS (NJ &NY)
TIMOTHY P. HAGGERTY (NJ)
DAVID F. WATKINS, JR. (NJ&PA)
ANTHONY W. DESTEFANIS (NJ)
ELIZABETH I. DEEGAN (NJ & PA)
MICHAEL J. DELTERGO (NJ, PA, MA & DC)
MATTHEW L. RAZZANO (NJ&PA)
W. DANIEL FEEHAN (NJ & PA)
MATTHEW B. MADSEN (NJ)
DAVID H. LIPOW (NJ, PA)

1526 BERLIN ROAD
CHERRY HILL, NEW JERSEY 08003

(856) 795-2181
(888) 609-8300
FAX (856) 795-2182
INTERNET: WWW.OBBBLAW.COM
E-MAIL: OBBB@OBBBLAW.COM

OF COUNSEL
CARL J. MINSTER III (PA, NJ)
DAVID J. J. FACCIOLO (DE, PA)
DAVID R. THIERMAN* (NJ, PA & FL)
* MASTERS OF LAW IN TAXATION

JOAN FREEDMAN MEYER (NJ & PA)
1931-2011

EMAIL: DFEEHAN@OBBBLAW.COM

File No.: 101158.32

February 8, 2019

Clerk, U.S. District Court
James A. Byrne U.S. Courthouse
Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

**RE:  Trustees of the Laborers' International Union of North America Local 57 Industrial Pension fund of Philadelphia, PA v. Comcast Spectacor Arena Systems, L.P.**

Dear Clerk:

Enclosed please find an Original and one (1) copy of the following documents:

- [x] Complaint (O +1);
- [x] Case Management Track Designation Form (O + 1);
- [x] Civil Cover Sheet (O + 1);
- [x] Designation Form (O +2);
- [x] Disclosure Statement (O +1);
- [x] Summons (O + 1);
- [x] Computer Disc (1);
- [x] Check in the amount of $400.00; and
- [x] Self addressed stamped envelope.

Kindly file the above documents and forward a filed copy to my attention in the envelope provided for your convenience.

Thank you.

Very truly yours,

Jeanne Fitzgerald, Paralegal

FEB 11 2019

Enclosure

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire
      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRUSTEES OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL 57 INDUSTRIAL PENSION FUND OF PHILADELPHIA, PA**<br>500-506 N. 6th Street<br>Philadelphia, PA 19123<br><br>*Plaintiffs,*<br><br>v.<br><br>**COMCAST SPECTACOR ARENA SYSTEMS, L.P.**<br>3601 South Broad Street<br>Philadelphia, PA 19148<br>*Defendant.* | Civil Action No:<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Fund is administered in Philadelphia,

Pennsylvania and Defendant maintained and/or maintains a principal place of business in the State of Pennsylvania.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiffs, Trustees of the Laborers' International Union of North America Local 57 Industrial Pension Fund of Philadelphia, PA ("Fund"), is a Fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. The Fund is authorized to sue in their own name pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Trustees of the Fund are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Fund maintains their principal place of business located at 500-506 N. 6th Street, Philadelphia, PA 19123.

8. The Fund brings this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and

Section 301 of LMRA, 29 U.S.C. §185.

9. Defendant, Comcast Spectacor Arena Systems, L.P. ("Comcast"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and/or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

10. Upon information and belief, Comcast's principal place of business was and/or is located at 3601 South Broad Street, Philadelphia, Pennsylvania 19148.

11. Comcast conducted and/or conducts business in the State of Pennsylvania.

## COUNT ONE

12. The Fund incorporates the allegations in Paragraphs 1 through 11 of this Complaint as if set forth herein in their entirety.

13. At all times relevant hereto, Defendant Comcast was party to and/or agreed to abide by the terms and conditions of a Collective Bargaining Agreement ("CBA") with the Laborer's Local 57 ("the Union") or one or more local labor unions or district councils affiliated with the Union.

14. By virtue of the CBA, Defendant Comcast agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Fund ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

3

15. Defendant has failed to remit or has only remitted a portion of the required contributions owed to the Fund for the benefits of its employees including but not limited to, the period of January 1, 2014 through December 31, 2016.

16. Payment of the delinquent contributions and penalties assessed against Comcast has been demanded by the Fund, but Comcast has refused to submit the required payment.

17. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

18. Comcast's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

19. This action is brought by the fiduciaries of the Fund pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Comcast to pay all contributions due and owing to the Funds;

(B) Order Defendant Comcast to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Comcast to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Comcast to specifically perform all obligations to the Funds under the CBA;

(E) Order Defendant Comcast to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
W. DANIEL FEEHAN, ESQUIRE
STEVEN J. BUSHINSKY, ESQUIRE

Dated: 2/8/19

5